1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**TERRENCE GALLAGHER**,

        Plaintiff,

    v.

**GETTY IMAGES HOLDINGS, INC.,
GETTY IMAGES, INC.**, and **GETTY
IMAGES (US) INC.**,

        Defendants.

Case No:

**PLAINTIFF'S COMPLAINT FOR:**

1.  COPYRIGHT INFRINGEMENT
    (17 U.S.C. § 101, et. seq.);

2. VICARIOUS AND CONTRIBUTORY
COPYRIGHT INFRINGEMENT; and

3. VIOLATION OF THE DIGITAL
MILLENIUM COPYRIGHT ACT
(17 U.S.C. § 1202)

**JURY TRIAL DEMANDED**

15      Plaintiff Terrence Gallagher, p/k/a Ellis Gallagher ("Gallagher"), for his Complaint against

16  Defendant Getty Images Holdings, Inc., ("Getty Holdings"), Defendant Getty Images, Inc. ("Getty

17  Images"), and Defendant Getty Images (US) Inc. ("Getty US") (Getty Holdings, Getty Images, and

18  Getty US collectively, "Getty") hereby states and alleges as follows:

19                  **I.**        <u>**NATURE OF THE ACTION**</u>

20      1.    This case arises out of Getty's unauthorized use and infringement of a federally-

21  registered copyright owned by Gallagher in violation of both federal and state law.  Gallagher's

22  present claim for infringement of his federally-registered copyright under the Copyright Act,

23  17 U.S.C. § 501, arises from Getty's unauthorized reproduction, copying, distribution, and/or public

24  display of Gallagher's North Sixth art, and/or an unauthorized derivative work thereof.

COMPLAINT - 1

**DICKINSON WRIGHT**

## II.    PARTIES

2.      Gallagher is an individual citizen and resident of Brooklyn, New York.

3.      Getty Holdings is, on information and belief, a corporation incorporated in the State of Delaware, and maintaining its principal place of business in Seattle, Washington.

4.      Getty Images is, on information and belief, a corporation incorporated in the State of Delaware, and maintaining its principal place of business in Seattle, Washington.

5.      Getty US is, on information and belief, a corporation incorporated in the State of Delaware, and maintaining its principal place of business in Seattle, Washington.

## III.    JURISDICTION

6.      The amount in controversy in this matter is in excess of $75,000, exclusive of costs, interest, or attorneys' fees.

7.      This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202; 15 U.S.C. § 1121; and 17 U.S.C. 501. This case primarily involves a federal question. Complete diversity of citizenship also exists, and the amount in controversy exceeds $75,000.

8.      This Court may exercise personal jurisdiction over Defendants because, on information and belief, each maintains its principal place of business in the State of Washington and this district.

## IV.    VENUE

9.      Venue is proper in this Court under 28 U.S.C. § 1391, as, on information and belief, each defendant resides in this judicial district and all defendants are residents of the State of Washington in which this district is located. Venue is also proper in this Court under 28 U.S.C. § 1391 because, on information and belief, a substantial part of the events or omissions giving rise to Gallagher's claim occurred in this judicial district.

COMPLAINT - 2

**DICKINSON WRIGHT**

920 FIFTH AVE., SUITE 3400
SEATTLE, WA 98104
TEL: 206.386.5900

# V.    STATEMENT OF FACTS

10.    Gallagher is a prolific, New York-based artist renowned for his ephemeral graffiti and chalk works.

11.    Much of Gallagher's works are created within and around the State of New York, including the North Sixth art.

12.    Mr. Gallagher completed and first publicly displayed the North Sixth art in the Williamsburg neighborhood of Brooklyn, New York, on or about July 1, 2014.

13.    The North Sixth art incorporates Gallagher's unique "Dript Dropt" character. Gallagher sometimes publishes progress photos of his art before final completion on his Instagram account located at www.instagram.com/ellisgallagher ("Instagram Account").

14.    For reference, Gallagher published the North Sixth art in its near-finished form on his Instagram Account on April 9, 2014, as depicted below[1]:+



A true and correct copy of Gallagher's April 9, 2014, Instagram post depicting the North Sixth art in its near-finished form is attached hereto as **Exhibit A**.

---

[1] *See*, https://www.instagram.com/p/mker26klzd/.

COMPLAINT - 3



920 FIFTH AVE., SUITE 3400
SEATTLE, WA 98104
TEL: 206.386.5900

15.     Gallagher is the exclusive owner of a copyright registration for the North Sixth art, which was registered by the U.S. Copyright Office on February 19, 2020 (U.S. Copyright Office Registration Number VA0002199630) ("North Sixth Registration"). A true and correct copy of the North Sixth Registration is attached hereto as **Exhibit B.**

16.     Since no later than October 3, 2024, Getty has been reproducing, distributing, selling, licensing, and/or otherwise publicly displaying, without permission, the North Sixth art, and/or unauthorized, derivative images substantially incorporating Gallagher's North Sixth art (the "Infringing Image") on its Getty Images website <www.gettyimages.com>, and its iStock by Getty Images website <www.istockphoto.com> (together, the "Getty Websites")), as shown below:

| **Getty Images Website** |
| :---: |
|  |

*See,*                https://www.gettyimages.com/detail/photo/williamsburg-brooklyn-new-york-royalty-free-image/507651347?adppopup=true (last accessed October 3, 2024).

COMPLAINT - 4

**DICKINSON WRIGHT**

920 FIFTH AVE., SUITE 3400
SEATTLE, WA 98104
TEL: 206.386.5900

1

**iStock Website**



*See*, https://www.istockphoto.com/photo/williamsburg-brooklyn-new-york-gm507651347-45902826 (last accessed October 3, 2024).

17. Gallagher has expended considerable time and expense in creating and protecting the North Sixth art.

18. Gallagher owns the North Sixth Registration for the original and creative visual material comprising the North Sixth art.

19. Gallagher is the sole author and creator of the North Sixth art.

20. The selection, coordination, and arrangement of the visual/design elements included in the North Sixth art is an original work of authorship.

21. Gallagher is the owner of valid copyrights in the work covered by the North Sixth Registration for the North Sixth art.

22. Gallagher has been the sole owner of all rights, title, and interest in and to the North Sixth art at all times since its creation.

23. The U.S. Copyright Office registration for the North Sixth art is sufficient to establish a valid copyright in the North Sixth art and that Gallagher is the owner of the copyright.

COMPLAINT - 5

24.     Getty reproduced the North Sixth art and publicly displayed it, or an unauthorized derivative thereof, by and through the Infringing Image, publicly and without Gallagher' permission since no later than September 3, 2024, on the Getty Websites.

25.     Getty licensed the Infringing Image for public display to third-parties, and for its own economic benefit, through the Getty Websites, thereby knowingly inducing and/or contributing to additional infringing acts by said third-parties.

26.     Upon information and belief, Getty published and distributed copies of the Infringing Image without the appearance of Gallagher's pseudonym, but rather with the false copyright management information by attributing or crediting the Infringing Image to other alleged artists or authors.

27.     Since learning of Getty's infringing acts, counsel for Gallagher has attempted to contact Getty to resolve this dispute without the Court's intervention on at least two (2) occasions by sending cease and desist letters to email and physical addresses associated with Getty and its legal counsel.

28.     Getty has been unwilling to fairly and adequately compensate Gallagher for its infringement of Gallagher's North Sixth art and North Sixth Registration.

## VI.    CAUSES OF ACTION

### COUNT I— FEDERAL COPYRIGHT INFRINGEMENT

### (COPYRIGHT ACT, 17 U.S.C. § 501)

29.     Gallagher re-alleges and incorporates by reference all allegations contained in paragraphs 1-28 of this Complaint as though fully stated herein.

30.     The North Sixth art is a pictorial and/or graphic work within the meaning of 17 U.S.C. §§ 101 and 102(a)(5).

COMPLAINT - 6

**DICKINSON WRIGHT**

920 FIFTH AVE., SUITE 3400
SEATTLE, WA 98104
TEL: 206.386.5900

31.     The North Sixth art is an original, creative work of expression fixed in a tangible medium from which it can be perceived, and is subject to full protection under the Copyright Act.

32.     The North Sixth art is a work of authorship involving visual material and elements created or selected by Gallagher and then coordinated and arranged by Gallagher to express an aesthetic concept conceived by Gallagher.

33.     Gallagher is the exclusive owner of all rights, title, and interest in and to the North Sixth art, and owns the North Sixth Registration for the North Sixth art.

34.     Getty reproduced, published, and distributed photographs substantially similar to and predominantly comprising the North Sixth art on Getty's Websites, by and through the Infringing Image, without permission and for its own commercial benefit.

35.     Getty reproduced the North Sixth art, and/or a derivative work thereof, by and through the Infringing Image, and has advertised, displayed, distributed, offered for sale, and sold the Infringing Image in the United States, abroad, and on the Internet.

36.     On information and belief, Getty had full knowledge of Gallagher's rights in the work covered by the North Sixth art at the time Getty advertised, displayed, distributed, offered for sale, and sold the Infringing Image.

37.     On information and belief, Getty was aware that their acts constituted infringement of the North Sixth art.

38.     On information and belief, Getty had reason to believe that their acts constituted an infringement of the North Sixth art.

39.     The Infringing Image incorporating the North Sixth art and Getty's opportunity to view and copy the North Sixth art is connected by a chain of events.

40.     The Infringing Image incorporating the North Sixth art has been publicly disseminated by Getty.

COMPLAINT - 7

41.    Getty committed all of the acts alleged herein without Gallagher's authorization, permission, license, or consent.

42.    By reproducing, creating a derivative work of, distributing, publicly displaying, and/or otherwise using the North Sixth art without Gallagher's consent, Getty has infringed on Gallagher's exclusive rights in the North Sixth art and has violated § 501 of the Copyright Act.

43.    Getty's actions in reproducing, creating a derivative work of, distributing, selling, and/or otherwise using visual material and design elements, and the overall imagery protected by the North Sixth art on Getty's Website, uses significant and valuable portions of the work covered by the North Sixth Registration.

44.    On information and belief, Getty's actions, taken without Gallagher' authorization, permission, license, or consent, injures, or injured, Gallagher's commercial interest in his reputation and/or reduced Gallagher's income through lost sales and/or license fees.

45.    The economic and reputational injuries to Gallagher of the infringement flow directly from Getty's infringement of Gallagher's rights in the North Sixth art.

46.    The economic and reputational injuries occur due to Getty's use, without Gallagher's consent, of photographs that are substantially similar in overall design to the visual material and design elements protected by the North Sixth Registration.

47.    Getty willfully infringed on Gallagher's copyrights in the North Sixth art.

48.    Upon information and belief, Getty has benefited from the infringement of Gallagher's North Sixth art through the profits generated by clicks and advertising of the Infringing Image on Getty's Websites, as well as through sales and licenses of the Infringing Image to third-parties.

49.    Getty's wrongful actions deprive Gallagher of his rights and benefits in the North Sixth art, which include the exclusive right to use, reproduce, distribute, sell, and create derivative

**Dickinson Wright**

920 FIFTH AVE., SUITE 3400
SEATTLE, WA 98104
TEL: 206.386.5900

works using the visual material, design elements, and pictorial and/or graphic work protected by the North Sixth art.

50.     Unless enjoined by the Court, Getty is likely to continue to wrongfully use and infringe on the North Sixth art by continuing to distribute and profit from the advertisement, offer for sale, and sale of the Infringing Image.

51.     As the direct and proximate result of Getty's infringement of the North Sixth art, Gallagher has suffered, and will continue to suffer, monetary damages and irreparable injury to his business, reputations, and goodwill.

52.     Gallagher is entitled to actual damages caused by Getty's unauthorized reproduction, distribution, sale, licensing, and/or otherwise public display, of the Infringing Image. Alternatively, Gallagher is entitled to elect an award of statutory damages in an amount up to $30,000 per infringement. Further, the Copyright Act authorizes an award of enhanced statutory damages in an amount up to $150,000 per infringement for a willful violation of one's copyrights.

53.     Gallagher is also entitled to injunctive relief ordering Getty to cease and desist from any further, unauthorized reproductions of the Infringing Image. Unless enjoined, Getty's infringement of Gallagher's North Sixth art is likely to cause further damage to the market value of the North Sixth art and irreparably harm Gallagher.

### COUNT II— VICARIOUS AND/OR CONTRIBUTORY
### COPYRIGHT INFRINGEMENT

54.     Gallagher re-alleges and incorporates by reference all allegations contained in paragraphs 1-53 of this Complaint as though fully stated herein.

55.     Upon information and belief, Gallagher alleges that Getty knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the North Sixth art as alleged hereinabove. Such conduct included, without limitation, publishing

COMPLAINT - 9

the Infringing Image which was, on information and belief, obtained from a third party that Getty knew, or should have known, was not authorized to be published by Getty; publishing the Infringing Image on its affiliated Getty Websites; and distributing the Infringing Image to third-parties for further publication.

56.    Gallagher is informed and believes and thereon alleges that Getty, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to prevent the infringing conduct and because they had a direct financial interest in the third-party infringing conduct. Specifically, Getty had the ability to prevent the development, publication, and distribution of the third-party infringing content at issue. And, Getty, and each of them, realized profits through their respective obtainment, marketing, and distribution of the Infringing Image.

57.    By reason of Getty's, and each of their, acts of contributory and vicarious infringement as alleged above, Gallagher has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional actual, general, and special damages in an amount to be established at trial.

58.    Upon information and belief, Gallagher alleges that Getty has committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Getty, and each of them, to liability for statutory damages under section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement and/or a preclusion from asserting certain equitable and other defenses.

59.    Due to Getty's acts of copyright infringement as alleged herein, Getty, and each of them, has obtained direct and indirect profits they would not otherwise have realized but for their infringement of Gallagher's rights in the North Sixth art. As such, Gallagher is entitled to disgorgement of Getty's profits directly and indirectly attributable to Getty's infringement of his rights in the North Sixth art, in an amount to be established at trial.

COMPLAINT - 10

DICKINSON WRIGHT

920 FIFTH AVE., SUITE 3400
SEATTLE, WA 98104
TEL: 206.386.5900

60.     Gallagher is informed and believes and thereon alleges that Getty, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Getty, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## COUNT III—VIOLATION OF THE DIGITAL MILLENIUM
## COPYRIGHT ACT, 17 U.S.C. § 1202

61.     Gallagher repeats, re-alleges, and incorporates by reference all allegations contained in paragraphs 1-60 of this Complaint as though fully stated herein.

62.     On information and belief, the North Sixth art was routinely published with attribution, credit, and other copyright management information identifying Gallagher as the author, including through the presence of Gallagher's pseudonym and copyright notice on the North Sixth art itself.

63.     Upon information and belief, Gallagher alleges that Getty, and each of them, cropped out and/or removed Gallagher's copyright management information, as described above, from the North Sixth art in or with certain copies of the Infringing Image, and/or added false copyright management information to the North Sixth art as it appeared in or with certain copies of the Infringing Image, attributing it to another author, artist, and/or source, before distributing and publishing same.

64.     Upon information and belief, Gallagher alleges that Getty, and each of them, widely distributed and published the North Sixth art through its prominent use in the Infringing Image as it was widely published and licensed to third-parties online through the Getty Websites bearing credit to others' names and/or brands, and removing Gallagher's attribution information, including his pseudonym.

COMPLAINT - 11

**DICKINSON WRIGHT**

920 FIFTH AVE., SUITE 3400
SEATTLE, WA 98104
TEL: 206.386.5900

65.    The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. §1202(c) and is false.

### **REQUEST FOR RELIEF**

WHEREFORE, as to his Claim, Gallagher respectfully prays that this Court enter judgment in its favor and against Getty, and each of them, and relief as follows:

1)    A preliminary and permanent injunction prohibiting Getty, and each of them, and where applicable, employees, officers, directors, agents, successors, and assigns of Getty, and each of them, and any other person or entity in active concern or participation with Getty, and each of them, from:

> (a)    reproducing, using, publicly displaying, or creating any work, including but not limited to the Infringing Image and any derivative works with designs identical or substantially similar to any of the North Sixth art; and

> (b)    engaging in any other conduct which will cause, or is likely to use, without authorization from Gallagher, any of the North Sixth art.

2)    A mandatory injunction requiring Getty, and each of them, to immediately do the following:

> a)    disable and destroy all copies and unauthorized reproductions and public displays of the North Sixth art, including but not limited to the Infringing Image; and

> c)    file with the Court and serve upon Gallagher within thirty (30) days after entry of the mandatory injunction a report in writing and signed under oath by respective corporate officers of Getty, and each of them, setting forth in detail the manner and form in which each Getty, and each of them, has complied with each of the terms of the Order entered by this Court in this matter, pursuant to 15 U.S.C. § 1116.

3)    Judgment against Defendants, and each of them, for their infringement under the U.S. Copyright Act, 17 U.S.C. §§106 and 501; for the willful, intentional and purposeful disregard and indifference to Gallagher's rights; for knowingly inducing, participating in, aiding and abetting in,

COMPLAINT - 12

and profiting from the illegal reproduction and distribution of the North Sixth art; and for publishing and/or licensing copies of the Infringing Image without attribution, credit, and other copyright management information identifying Gallagher as the author, but rather by publishing and/or licensing copies of the Infringing Image with false copyright management information, as alleged hereinabove. Gallagher is therefore entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. §504, including an accounting and/or statutory damages. Further, Gallagher is entitled to his reasonable attorneys' fees and full costs pursuant to 17 U.S.C. §505 and otherwise according to law. Further, as a direct and proximate result of the violations of the Copyright Act, Gallagher has sustained, and will continue to sustain, substantial, immediate, and irreparable injury for which there is no adequate remedy at law, such that damages should include permanent injunctive relief;

4)    Imposition of a constructive trust for the benefit of Gallagher on all revenues generated by Defendants, and each of them, from the sale, license, or other commercial gain arising from the Infringing Image, or any substantially similar images;

5)    A award of prejudgment and post-judgment interest in an amount to be ascertained at trial; and

6)    Such other and further relief as the Court deems just, equitable, and proper.

///

///

///

///

///

///

///

COMPLAINT - 13

1

## **DEMAND FOR JURY TRIAL**

2      Pursuant to Fed. R. Civ. P. 38, Plaintiff Gallagher demands a trial by jury on all issues for

3  which a trial by jury may be had.

4      Dated May 2, 2025.

5                                              Respectfully submitted,

6                                              **DICKINSON WRIGHT PLLC**

7

8                                              Brittney S. Rivers, WSBA No. 54068
                                               920 Fifth Avenue, Suite 3400
9                                              Seattle, Washington 98104
                                               Telephone: (206) 386-5900
10                                             Email: BRivers@dickinsonwright.com

11
                                               John L. Krieger (*pro hac vice forthcoming*)
12                                             Kevin D. Everage (*pro hac vice forthcoming*)
                                               3883 Howard Hughes Pkwy, Suite 800
13                                             Las Vegas, Nevada 89169
                                               Telephone: (702) 550-4400
14                                             Facsimile: (844) 670-6009
                                               Email: JKrieger@dickinsonwright.com
15                                             Email: KEverage@dickinsonwright.com

16                                             *Attorneys for Plaintiff Terrence Gallagher*

17

18

19

20

21

22

23

24

COMPLAINT - 14                                 **DICKINSON WRIGHT**

# EXHIBIT A

**Page Vault**

| | |
|---|---|
| Document title: | Ellis Gallagher. Artist. Painter. Curator. Character. NYC. \| Chipping Away At Completion. Slowly Approaching Final Stretch. #streetart #contemporaryart #workinprogress #ellisg #ellisgallagher #driptdropt \| Instagram |
| Capture URL: | https://www.instagram.com/p/mker26klzd/ |
| Page loaded at (UTC): | Fri, 02 May 2025 19:57:09 GMT |
| Capture timestamp (UTC): | Fri, 02 May 2025 19:57:54 GMT |
| Capture tool: | 10.55.0 |
| Collection server IP: | 54.145.42.72 |
| Browser engine: | Mozilla/5.0 (X11; Linux x86_64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/126.0.6478.234 Safari/537.36 |
| Operating system: | Linux (Node 20.17.0) |
| PDF length: | 3 |
| Capture ID: | cLy2fh8PsxGDdCL61zus2s |
| Display Name: | cmendez |



Instagram

**ellisgallagher** • Follow

···

**ellisgallagher** Chipping Away At Completion. Slowly Approaching Final Stretch. #streetart #contemporaryart #workinprogress #ellisg #ellisgallagher #driptdropt

Edited · 461w

**ajbaria** @rossblue_ thisssss

570w  1 like  Reply

**genevievesnow** Whoa where's this?

577w  1 like  Reply

**158 likes**

April 9, 2014

Log in to like or comment.

More posts from **ellisgallagher**





**See more posts**

Meta   About   Blog   Jobs   Help   API   Privacy   Consumer Health Privacy   Terms   Locations   Instagram Lite   Threads   Contact Uploading & Non-Users   Meta Verified

English ∨    © 2025 Instagram from Meta

# EXHIBIT B

# Copyright

---

**Registration Number / Date:**
VA0002199630 / 2020-02-19

**Registration Class:**
VA

**Type of Work:**
Visual Material

**Title:**
North Sixth.

**Application Title:**
North Sixth.

**Date of Creation:**
2014

**Date of Publication:**
2014-07-01

**Latest Transaction Date and Time:**
2020-04-09T01:06:13

**Copyright Claimant:**
Terrence Gallagher, 1973- . Address: 34 N. 6th Street, Brooklyn, NY, 11249, United States.

**Authorship on Application:**
Ellis Gallagher, pseud. of Terrence Gallagher, (author of pseudonymous work); 1973- Domicile: United States; Citizenship: United States. Authorship: 2-D artwork.

**Rights and Permissions:**
Hale Legal Group, 26 Court, Suite 913, Suite 913, Brooklyn, NY, 11242, United States, (718) 554-7344, paul@halelegalgroup.com

**Record ID:**
31497725

**Public Records ID:**
voyager_31497725

**System Control Number:**
(DLC-CO)VA 002199630

**Originating System Control Number:**

VA 002199630

**Description:**

Electronic file (eService)

**Nation of First Publication:**

United States

**Names:**

Gallagher, Terrence 1973-

Ellis Gallagher, pseud. 1973-

**USCO Catalog Link:**

https://publicrecords.copyright.gov/detailed-record/voyager_31497725

---

© U.S. Copyright Office

Disclaimer: This material was generated by the pilot of the U.S. Copyright Office's Copyright Public Records System (CPRS). The pilot is under development and is not the final version of the CPRS. This pilot does not replace or supersede the online public catalog or existing search practices the Copyright Office has established. Results obtained through the CPRS pilot should not be used for legal purposes. For information on searching copyright records, see How to Investigate the Copyright Status of a Work (Circular 22). For information on removing personal information from Copyright Office public records, refer to Privacy: Public Copyright Registration Records(Circular 18).